UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| AKEE JOHNSON,<br>  Plaintiff,<br><br>v.<br><br>GRETCHEN BROWN, *et al.*,<br>  Defendants. | Civil Action No. 3:25CV855(RCY) |

## MEMORANDUM OPINION

On October 15, 2025, Plaintiff Akee Johnson ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"),[1] along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. On December 10, 2025, Plaintiff submitted an Amended Complaint (ECF No. 2) and an Emergency Motion for Temporary Restraining Order ("TRO," ECF No. 3), and also paid the filing fee. Based on Plaintiff's fee payment, his IFP Application is rendered moot and will be denied accordingly. Further, the Complaint has been superseded by the Amended Complaint, which is now the operative complaint in the action. Plaintiff's payment of the filing fee notwithstanding, the Court finds that Plaintiff's claims suffer from defects that prevent the action from proceeding.

The Court has an independent obligation to screen for the existence of jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative . . . . [Federal] Rule [of Civil Procedure] 12(h)(3) instructs: 'Whenever

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"). With an eye towards its jurisdictional limitations, the Court has reviewed the operative Complaint—here, Plaintiff's Amended Complaint, submitted on December 10, 2025.

## I. BACKGROUND

Plaintiff brings this action to challenge the enforcement of a 2009 child support petition that he alleges is invalid due to having never been properly verified. Am. Compl. ¶ 17. Plaintiff also challenges the petition on the grounds that "there is no reliable proof of proper service in the court record." *Id*. ¶ 18. Based on these deficiencies, Plaintiff argues that all state court orders predicated on the petition are void ab initio. *Id*. ¶ 20. Moreover, Plaintiff argues that the state Juvenile and Domestic Relations ("JDR") Court never gained personal jurisdiction over him. *Id*. Consequently, he argues, Defendants' enforcement efforts based on the invalid petition and absent personal jurisdiction "constitute[] a continuing federal violation."

## II. NO CLAIM SUBJECT TO FEDERAL JURISDICTION

The Court finds that Plaintiff has failed to plead facts giving rise to this Court's subject matter jurisdiction, and so the Complaint must be dismissed.

Plaintiff ostensibly asserts a claim for Procedural Due Process Violation, in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. Am. Compl. ¶¶ 30–38. Plaintiff endeavors to argue that, "[b]ecause the challenged conduct remains active, this Court retains subject-matter jurisdiction and neither *Rooker-Feldman* nor *Younger* bars review" of the state court enforcement proceedings. *Id*. ¶ 44. Plaintiff seeks a temporary restraining order and/or preliminary injunction halting all enforcement proceedings "including garnishment, license-suspension referrals, and show-cause proceedings, pending further order of

this Court;" declaratory judgment "that Defendants' enforcement of the 2009 child-support order is unconstitutional and void for lack of personal jurisdiction;" an order directing the state to restore Plaintiff's driver's license; and permanent injunctive relief in line with the foregoing. *Id*. Part VII (Relief Requested).

Plaintiff's assertions that the *Younger* abstention doctrine does not preclude review of the underlying child support petition and resulting state enforcement efforts are unavailing. It is well settled that federal courts should "abstain from jurisdiction whenever federal claims have been or could have been presented in ongoing state judicial proceedings that concern important state interests." *Haw. Housing Auth. v. Midkiff*, 467 U.S. 229, 237–38 (1984); *see also Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) ("*Younger* generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction.") (internal quotes and citations omitted). Indeed, "*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Id*. *Younger* abstention "reflects a strong federal policy against federal court interference with pending state judicial proceedings." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Ongoing child support cases are one of the types of cases that federal courts should abstain from hearing. *Anthony v. Council*, 316 F.3d 412, 421–22 (3rd Cir. 2003).

Here, because Plaintiff has a pending Show Cause order, *see* Am. Compl. Ex. D, he has the opportunity to argue in state court his theories regarding the underlying petition's invalidity. Thus, the Court finds that the state proceeding will afford Plaintiff an adequate opportunity for

judicial review of his present claims. Such an opportunity counsels against federal insertion into the arena of child support, which is undisputably an important state interest. *See In re Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of . . . parent and child, belongs to the laws of the states, and not to the laws of the United States"); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern"). Accordingly, the Court will not invade the provenance of the state court in this matter.

Because the Court must abstain under the *Younger* doctrine from hearing Plaintiff's claims related to the challenged child support petition, and because there are no other claims asserted, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and so will deny Plaintiff's Motion for TRO and dismiss the case. Moreover, because more fulsome pleading could not cure this defect, amendment would be futile and thus the Court will not grant leave to amend. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application will be denied as moot, the Motion for TRO will be denied, and this action will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: December 12, 2025
Richmond, Virginia